## Reid v. Reid

*Fox, Differ, DiGiacomo & Lowe*, for plaintiff.

FORREST, J., November 15, 1961.—This is an action brought by a wife against a deserting husband, for the past and future support of plaintiff and her children.

The complaint was filed in the office of the prothonotary of this county on June 8, 1961. The complaint was served by registered mail upon defendant at his residence in Cadillac, Michigan.

On July 5, 1961, judgment was entered against defendant for failure to plead to the complaint within 20 days after service. The matter was placed on the equity trial list for hearing, and a hearing was held before the chancellor on September 26, 1961.

From the testimony adduced at the hearing, the chancellor makes the following

## *Findings of Fact*

1. Plaintiff, Anna C. Reid, resides at Gravers Lane, Norristown, R. D. #4, Montgomery County, Pennsylvania.

2. Defendant, Sherman L. Reid, resides at 121 East Pine Street, Cadillac, Michigan.

3. Plaintiff and defendant were married on October 4, 1930, at Mamaroneck, New York, and resided together as husband and wife, continuously and without interruption from the date of their marriage until March 19, 1954.

4. Plaintiff and defendant are the parents of six children, namely, Marjorie Reid Ganse, George Reid, Patricia Reid Frost, Barbara Reid, Edward Reid, and Sherman L. Reid, Jr.

5. On March 19, 1954, three of the children of plaintiff and defendant were dependent upon plaintiff and defendant for their support and maintenance, namely, Barbara Reid, Edward Reid and Sherman L. Reid, Jr.

6. Edward Reid derived his entire maintenance, support and subsistence from earnings of plaintiff from

March 19, 1954, until his emancipation in September, 1958. Barbara Reid has been largely dependent upon plaintiff for her support and maintenance from March 19, 1954, to the present time. Sherman L. Reid, Jr., is entirely dependent upon plaintiff for his support and maintenance, and has been from March 19, 1954, to the present time.

7. On March 19, 1954, defendant, Sherman L. Reid, abandoned the marital domicile and wilfully and maliciously abandoned plaintiff, Anna C. Reid.

8. From March 19, 1954, to the date of the hearing, to wit, September 26, 1961, defendant failed and refused to pay any support and maintenance monies whatsoever for and on account of plaintiff herein, or any of his dependent children.

9. Defendant, Sherman L. Reid, has been and is, financially able to support and maintain plaintiff herein and his dependent children.

10. On November 9, 1942, plaintiff and defendant acquired title as tenants by the entireties to a certain tract of ground situate in Plymouth Township, Montgomery County, Pennsylvania, which tract of ground is more particularly described in deed book no. 1498, page 65.

11. In the early 1950's, the tract of ground mentioned in the next preceding paragraph and held by plaintiff and defendant as entireties was severed in two by reason of the Delaware River Extension of the Pennsylvania Turnpike. Of the original tract of ground, 3.182 acres of ground remained on the south or southern side of the said Delaware River Extension of the Pennsylvania Turnpike and is presently in an area of Plymouth Township zoned heavy industrial.

12. The said 3.182 acres of ground is more fully described as set forth in the decree nisi hereinbelow.

13. Plaintiff has paid all taxes and other charges against the property including, but not limited to the

principal on account of a mortgage and the interest thereon, from 1954 through 1961, inclusive. The total amount paid for principal, interest and taxes for the years indicated was $3,200.48.

14. Plaintiff paid the 1961 real estate taxes assessed against the property, which amounted to $254.70.

15. Plaintiff's average weekly income over the past several years has been $50, and she has expended this sum in its entirety for the support and maintenance of herself and the minor children, for which defendant was legally responsible.

16. There is no collusion between plaintiff and defendant.

## Discussion

This action is pursuant to the authority conferred upon the court by the Act of May 23, 1907, P. L. 227, as amended, 48 PS §132. There is ample precedent for this action and for the procedure prescribed herein, in the decisions of this court. See Musser v. Musser, no. 24, June term, 1948 (in equity) (unreported); Flohr v. Flohr, 68 D. & C. 359 (1949); Dixon v. Dixon, 5 D. & C. 2d 634 (1955).

No precedent has been cited for authorization to the trustee to sell at private sale. However, the Act of 1907, supra, does not prohibit the same. It seems probable that a substantially higher price will be obtained at private sale than at auction. Therefore, we shall approve a private sale in the event that it is shown to the satisfaction of the court that the price and other terms and conditions obtainable at private sale are better than likely to be obtained at public sale: Dixon v. Dixon, 5 D. & C. 2d 634 (1955).

## Conclusions of Law

1. Equity has jurisdiction.

2. Plaintiff is entitled to an order against defendant for her past and future outlays for support of her-

self and the children of the parties in the sum of $50 per week, computed from March 19, 1954, to the date of the decree nisi, and thereafter until further order of this court.

3. A decree should be entered subjecting defendant's undivided interest in the hereinafter described real estate to a lien for the amounts so chargeable to defendant.

4. Plaintiff is entitled to reimbursement out of the proceeds of sale of real estate described in the decree nisi, for monies which she has expended for and on account of payments on account of principal and interest of the mortgage and taxes on the property, which payments aggregate $3,455.18.

5. Payment of the aforesaid lien should be enforced by sale of the said real estate by a trustee to be appointed by the court, and the said trustee, after paying the administration expenses and after deducting such commissions as he is permitted by further decree of court, should pay over to plaintiff the aggregrate amount of support due from March 19, 1954, to the date of the sale, computed on the basis of $50 per week, plus $3,455.18, which she has previously expended on account of lawful charges assessed against the entireties' property, and if any balance remains in his hands, he is to hold the same and pay it over to the wife in weekly installments of $50 until the fund is exhausted, or until further order of this court.

### Decree Nisi

And now, November 15, 1961, it is ordered, adjudged and decreed:

1. The undivided interest of defendant in real estate described in this decree nisi is subject to a lien for plaintiff's past and future outlays for support of herself and the children of the parties in the sum of $50 per week, computed from March 19, 1954, to the

date of this decree, and thereafter until further order of this court.

2. The trustee herein appointed shall seize and take possession of [here followed a full description of the property].

3. The trustee herein appointed shall expose said real estate for public sale, after public sale notice, such as is required for sheriff's sales of real estate, and sell and convey the same to the highest bidder, or, in the alternative, he may sell and convey the same at private sale for a price and upon terms and conditions subject to approval by the court upon petition filed by the trustee. After deducting the necessary and proper expenses and fees attendant to the sale, and the costs of this action, including his reasonable fee as trustee, trustee shall pay to plaintiff a sum equivalent to $50 per week times the number of weeks from March 19, 1954, to the date of distribution of the net funds realized on the sale, plus an additional $3,455.18.

The trustee is further directed that if any additional sum remains in his hands after paying the same, he is to hold the same and pay them to plaintiff in weekly installments of $50, until the fund realized from the sale be exhausted by the payments by the trustee as aforesaid, or until further order of this court.

The sale and conveyance of such real estate, under the provisions of this order, shall convey to the purchaser or purchasers thereof, a good and valid title to the property hereinabove described without the joinder of either plaintiff or defendant, subject to all restrictions of record.

4. Walton Coates, Esq., is hereby appointed trustee, for the purpose of carrying out the directions of this decree; he to furnish bond in the sum of $18,000, with surety to be approved by the court, for the faithful performance of his duties.

The prothonotary shall give prompt notice of this adjudication to the parties. Unless exceptions are filed within 20 days after such notice, the decree nisi shall be entered by the prothonotary, upon praecipe, as the final decree.